IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20464
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK LYNN POTTS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(H-99-CR-585-1)
--------------------
April 2, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Mark Lynn Potts appeals from the district court's denial of his motion to suppress the evidence seized pursuant to a search warrant. He argues that the district court clearly erred in finding that Officer Walker did not intentionally include in the affidavit the false statement concerning the photographic identification of Potts. If redacted to expurgate this statement, argues Potts, the affidavit would be insufficient

---

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in content to support the court's finding of probable cause for the issuance of the search warrant.

Our review of the evidence presented at the evidentiary hearing indicates that the district court did not clearly err in finding that Officer Walker included the false statement in the affidavit by mistake and neither intentionally nor in reckless disregard for the truth. See United States v. McCarty, 36 F.3d 1349, 1356 (5th Cir. 1994). Further, the district court did not err in determining that if the false statement were redacted, the affidavit would still include sufficient information about the confidential informant's (C.I.) description and identification of Potts, the C.I's past relationship and illegal drug dealings with Potts, the C.I.'s observation of large quantities of cocaine at Potts's residence approximately one week before the execution of the warrant, and the C.I.'s history of reliability, to support the judge's finding of probable cause to issue a search warrant. See Franks v. Delaware, 438 U.S. 154, 171-72 (1978); United States v. Dickey, 102 F.3d 157, 161 (5th Cir. 1996). The district court did not err in denying Pott's motion to suppress the evidence seized pursuant to the search warrant.

AFFIRMED.